IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ROBERT LEE COOPER                                                              PLAINTIFF

v.                        Civil No. 10-5033

SHERIFF TIM HELDER; SGT.
ELLIS MUGGY; SGT. LARRY
HAWKINS; CPL. EUGENIA EDEN-
MOORE; DFC. KATHLEEN WARD;
CPL. DAN WILKIE; SGT. LORI
WILSON; CPL. TIM CAUDLE; SGT.
MISTY CHARLES; DFC RICK REED;
and DFC ANITA ROBBINS                                                          DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, Robert Lee Cooper (hereinafter Cooper), filed this civil rights action pursuant to the provisions of 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*.

Cooper is currently incarcerated in the Varner Unit of the Arkansas Department of Correction (ADC). The events at issue in this lawsuit occurred while Cooper was incarcerated in the Washington County Detention Center (WCDC) from January 4, 2010, to March 25, 2010. Specifically, Cooper maintains the Defendants interfered with his personal mail.

Separate Defendant Sergeant Lori Wilson filed a motion for summary judgment (Doc. 26). A motion for summary judgment has also been filed on behalf of the remaining Defendants (Doc. 30). Cooper filed a combined response to the summary judgment motions and motion for summary judgment (Doc. 41). Responses were field to Plaintiff's motion for summary judgment (Doc. 42 & (Doc. 43). The motions are now ready for decision.

-1-

**1. Background**

On November 25, 2009, Cooper was sentenced to a term of two hundred and forty months of imprisonment at the ADC. <u>Defendants' Exhibit</u> (Doc. 32)(hereinafter <u>Defts' Ex</u>.) 1; <u>Plaintiff's Response Doc. 41</u> (fact not disputed). On January 4, 2010, Cooper was booked into the WCDC as an ADC commitment. <u>Defts' Ex</u>. 2. On March 25, 2010, Cooper was transferred to the ADC. <u>Defts' Ex</u>. 1 at pgs. 3-5.

On January 14th, Cooper complained that he was not getting his mail from his wife and children from 2599 Houston, Fayetteville, AR 72701. <u>Doc</u>. 4 at pg. 1; <u>Defts' Ex</u>. 3 at pg. 3. He maintained they had sent four letters in a week containing pictures of his children. <u>Id.</u> In response to his January 14th request, Cooper was told two letters had been received from that address: one on January 7th and one on January 12th. <u>Id</u>. He was later told the January 7th letter to the 2599 Houston address was an outgoing one. <u>Doc</u>. 4 at pg. 4; <u>Defts' Ex</u>. 3 at pg. 5. The mail history report only shows one letter on January 12th and it was incoming from an address in Little Rock. <u>Defts' Ex</u>. 4 at pg. 3.

Cooper submitted another request on January 16th asking about his mail from 2599 Houston. <u>Doc</u>. 4 at pg. 2; <u>Defts' Ex</u>. 3 at pg. 4. In response, he was told there had been only one incoming letter from this address on January 11th and there was no information "stating why you don't have it." <u>Id</u>.

On January 17th, Cooper asked that his property be checked for his mail that came in on January 7th and January 12th from 2599 Houston. <u>Doc</u>. 4 at pg. 4; <u>Defts' Ex</u>. 3 at pg. 5. Cooper

stated that according to detention center paperwork, the letters-- holding pictures-- had arrived at the facility. Id. In response, Cooper was informed that the only letter shown as having come from 2599 Houston was on January 11th. Id. He was told the letter on January 7th was outgoing. Id. It was suggested that Cooper search his mail for the letter. Id.

On January 18th, Cooper submitted a request asking for the mail that came in on January 7th and 12th. Defts' Ex. 3 at pg. 6. In response, he was told there was no mail for him. Id.

On January 24th, Cooper asked for a copy of his "incoming mail." Defts' Ex. 3 at pg. 7. He was given the information. Id.

On January 27th, Cooper submitted a request asking if the mail that came in on Monday, January 25th, from 2599 Houston was still at the detention center or had been sent back. Doc. 4 at pg. 3; Defts' Ex. 3 at pg. 8. In response, he was told a letter did come in that day and it was not up in pod control. Id. That same day, he requested a copy of all his "in and out going mail." Defts' Ex. 3 at pg. 9. He was provided with the information. Id. He requested the same information on January 30th. Defts' Ex. 3 at pg. 10. He was provided the information. Id.

Cooper again requested a copy of his mail log on February 14th. Defts' Ex. 3 at pg. 11. He was given a copy. Id. On March 20th, Cooper requested a copy of the log again. Defts' Ex. 3 at pg. 14. It was provided. Id.

Between January 7, 2010, and March 24, 2010, Cooper sent and received eighty-seven pieces of mail. Doc. 4 at pgs. 5-6; Defts' Ex. 4. All mail sent or received at the detention center is processed by a detention center employee and catalogued. Id. Each detention center employee has an officer identification (ID) number. The mail history report contains five columns: the

AO72A
(Rev. 8/82)

first shows the name and return address; the second the date; the third the time the mail is logged; the fourth the ID number of the officer logging the mail; and the final column indicates whether the mail is incoming (I) or outgoing (O).  Doc. 4 at pgs. 5-6.

During this time frame, Cooper's mail log shows a total of twenty-seven items either received from or sent to 2599 Houston.  Doc. 4 at pgs. 5-6; Defts' Ex. 4.  The outgoing mail was sent on January 7th, 10th, 13th, 17th,  19th, 22nd, 27th, 31st, February 3rd, 7th, 11th, 16th, 21st, 24th, March 1st, 4th, 8th, 14th, and 22nd.  Id.  The incoming mail was received on January 11th, 20th, 25th, February 2nd, 17th, 18th, 23rd, and March 5th.  Id.  On the log, Cooper has written that he received the January 20th and 25th letters.  Doc. 4 at pgs. 5-6.

Defendant Wilson's ID number is 4667.  Wilson processed two pieces of mail received by Cooper.  Both were processed on January 7, 2010, and were from Shirley Smith, 5 Somerton Court #2, Little Rock, AR  72201.  Doc. 4 at pg. 5.  The officer ID number associated with the January 11th mail which Cooper maintains held pictures is 6630.  Id.

### 2.  Applicable Standard

"Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  We view all evidence and inferences in a light most favorable to the nonmoving party.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).  However, the nonmoving party may not rest upon mere denials or allegations in the pleadings and must set forth specific facts to raise a genuine issue for trial.  See Celotex v. Catrett, 477 U.S. 317, 324 (1986).

### 3. Arguments of the Parties

With respect to any official capacity claim, Defendants argue there is no proof of any unconstitutional county policy, custom, or practice that operated to deprive Cooper of his federal constitutional rights. Defendants also maintain that there is simply no evidence to support Cooper's claim that his incoming mail was tampered with and pictures removed or that incoming mail was withheld from him.

Separate Defendant Wilson maintains she is entitled to summary judgment because she dealt with only two pieces of incoming mail addressed to Cooper and both were received by him. With respect to any individual capacity claims, Wilson maintains she is entitled to qualified immunity.

Cooper maintains his incoming mail received at the facility on January 11, 2010, was never given to him. Doc. 41 at pg. 1. He asserts this letter contained pictures of his wife and family. Id. According to Cooper, he knows "for a fact" that staff on occasion give an inmate mail that is addressed to another inmate. Id. If this was done, and the mistake not discovered, Cooper maintains that there is an inmate "with my wife picture's doing [sic]the unknown." Id.

### 4. Discussion

Inmates have a First Amendment right of free speech to send and receive mail. See Hudson v. Palmer, 468 U.S. 517, 547 (1984). "The fact of confinement and the needs of the penal institution impose limitations on constitutional rights, including those derived from the First Amendment." Jones v. North Carolina Prisoners' Union, 433 U.S. 119, 125 (1977).

Restrictions on this First Amendment right are valid "only if [they are] reasonably related to legitimate penological interests." Turner v. Safely, 482 U.S. 78, 89 (1987).

Here, Cooper does not challenge a ban on the type of mail he could receive or send. He does not contend he was denied paper, writing instruments, or postage. He has not suggested there was any ongoing practice of censorship or that the inspection procedures at the jail were unconstitutional. Jensen v. Klecker, 648 F.2d 1179 (8th Cir. 1981)(Inspection procedures of incoming or outgoing non-legal mail for contraband have been upheld as constitutional). Indeed, the record would not support such an argument. The mail history log shows that throughout his incarceration, Cooper received and sent mail on a regular basis. Defts' Ex. 4.

Cooper's concern is that he did not receive a letter on January 11, 2010, that contained family photographs. The letter is listed on the mail history report. While Cooper is adamant that he never received this letter, he does not argue one or more of the Defendants intentionally intercepted or destroyed the letter and its' contents. Instead, he suggests the letter was delivered to another inmate. No claim of constitutional dimension exists. See Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 2003)(Plaintiff must show regular and unjustifiable interference-- an isolated incident of mail tampering is usually insufficient to establish a constitutional violation); Zimmerman v. Tribble, 226 F. 3d 568, 572 (7th Cir. 2000)(allegations of sporadic and short-term delays and disruptions are insufficient to state a claim under the First Amendment); Rowe v. Shake, 196 F.3d 778, 782-783 (7th Cir. 1999)(relatively short-term and sporadic delays in receiving mail not the result of content-based prison regulation or practice is insufficient to state a First Amendment claim).

AO72A
(Rev. 8/82)

### 5. Conclusion

For the reasons stated, I recommend that the Defendants' motions for summary judgment (Doc. 26 & Doc. 30) be granted and Plaintiff's motion for summary judgment (Doc. 41) be denied. This case should be dismissed with prejudice.

**The parties have fourteen days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 1st day of March 2011.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)